IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Augusta Division

**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 4:08 pm, Jun 04, 2014

| | |
|---|---|
| IN RE: ) | Chapter 13 Case |
| ) | Number <u>13-12147</u> |
| TONY L. SIRES ) | |
| ) | |
| Debtor ) | |
| ) | |

## OPINION AND ORDER

Before the Court is an objection to confirmation filed by the Chapter 13 Trustee ("Trustee") asserting that Tony L. Sires ("Debtor") is not devoting all his disposable income to the plan. Specifically, the Trustee objects to Debtor taking an "old car" allowance as an "operating expense" and an "ownership expense" for a vehicle encumbered by a non-purchase money security interest. The Court has jurisdiction under 28 U.S.C. §1334 and this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(L). For the following reasons, the Trustee's objection is sustained.

### FINDINGS OF FACT

Debtor filed a chapter 13 bankruptcy petition on November 12, 2013. Debtor has a household of one with no dependents. Dckt. No. 1, Sch. I. Debtor's average monthly income is $3,028.70 and his monthly expenses are $2,739.50 yielding a net monthly income of $289.20. Dckt. No. 1, Sch. J. Debtor values his 2006 Ford Taurus

("the Vehicle") with approximately 151,000 miles at $4,000.00. The Vehicle is encumbered by the non-purchase money security interest in favor of Wells Fargo Bank. Dckt. No 1, Sch. D. Debtor's amended plan proposes to pay $290.00/month for a minimum of 36 months with a 0% dividend to unsecured creditors. Dckt. No. 23.

According to his most recent means test, Debtor is above-median with an applicable commitment period of five years. Dckt. No. 38. Debtor's means test calculation includes a $200.00 "old car operating expense" along with the $244.00 standard IRS Local Transportation Expense for this region. Dckt. No. 38, Line 27A. Debtor also deducts $517.00 as an "Ownership Cost" pursuant to IRS Local Transportation Standards; and $74.10 as the average monthly payment to Wells Fargo. Dckt. No. 38, lines 28(a) and 28(b). Subtracting the $74.10 from the $517.00, gives a net "Ownership Cost" deduction of $442.90. Id., line 28(c). With these deductions, Debtor's means test reflects a negative $121.56 monthly disposable income allowing Debtor to propose a plan to pay his unsecured creditors 0%. Dckt. Nos. 23 and 38. According to the Trustee, if her objection is sustained, the monthly disposable income would require a 100% dividend to general unsecured creditors.

### CONCLUSIONS OF LAW

There are two main issues raised by the Trustee's

2

objection to confirmation. The first issue is whether Debtor is entitled to a $200.00 "old car" deduction on line 27A of the means test for an operating expense. The second issue is whether Debtor may take an "ownership cost" deduction on line 28 of the means test for a vehicle encumbered by a non-purchase money security interest. The Court holds Debtor cannot claim such deductions.

In a chapter 13 bankruptcy case an individual may obtain a discharge of many of his debts if he pays all of his disposable income into the chapter 13 plan during the life of the plan. See 11 U.S.C. §1325(b)(1)(B) and §1328. Under 11 U.S.C. §1325(b)(1), a debtor must commit all of his "disposable income" to unsecured creditors or pay all claims in full. 11 U.S.C. §1325(b)(1). "Disposable income" is defined in pertinent part as "current monthly income" less "amounts reasonably necessary to be expended" for the "maintenance or support of the debtor or a dependent of the debtor." 11 U.S.C. §1325(b)(2)(A)(i). With the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), Congress instituted a means test which provides a formula to calculate a debtor's disposable income. "For a debtor whose income is above the median for his State, the means test identifies which expenses qualify as 'amounts reasonably necessary to be expended.'" Ransom v. FIA Card Servs., N.A., ___ U.S.___, 131 S.Ct. 716, 721-22

3

(2011). In this chapter 13 case, it is undisputed that Debtor is above-median and therefore 11 U.S.C. §1325(b)(3) applies to determine his disposable income.

Pursuant to 11 U.S.C. §1325(b)(3) "amounts reasonably necessary to be expended" for above median debtors must be determined pursuant to 11 U.S.C. §707(b)(2)(A) and (B) which provides in pertinent part:

> The debtor's monthly expenses *shall be* the debtor's applicable monthly expense amounts *specified under the National Standards and Local Standards*, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides . . . .

11 U.S.C. §707(b)(2)(A)(ii)(I)(emphasis added).

**Operating Expense.**

"The IRS publishes tables providing national and local expense standards. The Local Standards include ownership and operating expense deductions for debtors. Tables provide different operating expense allowances, based on the number of vehicles the debtor owns and the region in which the debtor lives." In re Wilhite, 2011 WL 5902487 *2 (Bankr. N.D. Ga. Nov. 17, 2011) (citing In re VanDyke, 450 B.R. 836, 841 (Bankr. C.D. Ill. 2011). The IRS also publishes an Internal Revenue Manual (the "IRM"), "to guide IRS agents in interpreting and applying the Standards." Id. at *2.

4

Debtor argues he should be allowed to take an additional $200.00 "old car" expense deduction because his car is more than six years old and has more than 150,000 miles on it. Debtor cites support for this deduction in the IRM, Chapter 5.8 which states:

> In situations where the taxpayer has a vehicle that is currently over six years old or has reported mileage of 75,000 miles or more, an additional monthly operating expense of $200 will generally be allowed per vehicle (up to two vehicles when a joint offer is submitted).

IRM 5.8.5.22.3, 2007 WL 8097387; see also Babin v. Wilson (In re Wilson), 383 B.R. 729, 734 (B.A.P. 8th Cir. 2008); In re Howell, 366 B.R. 153, 158 (Bankr. D. Kan. 2007); In re Oliver, 350 B.R. 294, 301 (Bankr. W.D. Tex. 2006); In re Barraza, 346 B.R. 724, 729 (Bankr. N.D. Tex. 2006).

The Trustee opposes this deduction arguing this old car expense is not allowed because it is not part of the IRS "National" or "Local" Standards sections of the IRM which identify, describe and interpret the National and Local Standards for the means test, and are set forth in IRM (Financial Analysis Handbook) sections 5.15.1.1, 5.15.1.7-5.15.1.10. See In re Luedtke, 508 B.R. 408, 411 (B.A.P. 9th Cir. 2014)(setting forth the relevant sections of the IRM for interpreting the Local Standards). The Trustee argues the plain language of 11 U.S.C. §707(b)(2)(A)(ii) dictates that Debtor's monthly expenses "shall be the debtor's applicable monthly expense

5

amounts specified under the National Standards and Local Standards . . . issued by the Internal Revenue Service." 11 U.S.C. §707(b)(2)(A)(ii). Since the "old car" deduction is not listed in the tables that comprise the National and Local Standards, the Trustee argues it is not deductible on the means test.

As the Trustee states, the plain language of 11 U.S.C. §707(b)(2)(A)(ii) controls the issue before the Court. The "old car" deduction is located in the part of the IRM that aids agents in offers to compromise, and is not in the part of the IRM that identifies the National and Local Standards. Compare IRM 5.8.5.22.3 with IRM 5.15.1.1, 5.15.1.7-5.15.1.10; see also In re Luedtke, 508 B.R. at 414 ("because the older vehicle operating expense is not set forth or referenced in the National Standards, in the Local Standards, or in the IRM commentary identifying and interpreting those standards, it was improper for the bankruptcy court to allow the older vehicle operating expense for purposes of calculating the [debtors'] disposable income."); In re Wilhite, 2011 WL 5902487, *2 (Bankr. N.D. Ga. Nov. 17, 2011)("[T]he Bankruptcy Code's directive is clear: the debtor's monthly 'expenses shall be' defined by IRS standards."); In re VanDyke, 450 B.R. 841 (Bankr. C.D. Ill. 2011)(same). Because the Bankruptcy Code requires Debtor's monthly expenses to be defined by the National and Local Standards, Debtor

AO 72A
(Rev. 8/82)

may not take an additional $200.00 "old car" deduction.

The Supreme Court in Ransom, provided guidance on how the IRM should be utilized by bankruptcy courts:

> Although the statute does not incorporate the IRS's guidelines, courts may consult this material in *interpreting* the National and Local Standards; after all, the IRS uses those tables for a similar purpose—to determine how much money a delinquent taxpayer can afford to pay the Government. The guidelines of course cannot control if they are at odds with the statutory language.

Ransom, 131 S.Ct. at 726 (emphasis added). Ransom instructs that the IRM may be a useful tool to "interpret" the National and Local Standards, but not to "create" a deduction. Id. Allowing the $200.00 "old car" operating expense would be utilizing the IRS's guidelines to "create" a deduction rather than to "interpret" the Local Standards and therefore is inappropriate. In re Luedtke, 508 B.R. at 415 ("nothing in Ransom supports the proposition that bankruptcy courts may look to other aspects of IRS policy and procedure in order to interpret and supplement the National Standards and Local Standards."); In re Sisler, 464 B.R. 705, 708-10 (Bankr. W.D. Va. 2012)(the debtors "seek to use the Internal Revenue Manual to create an otherwise unlisted deduction. To allow this would be to give the Internal Revenue Manual guidelines the same effect as the Bankruptcy Code. The Supreme Court's opinion in

7

Ransom expressly states to the contrary."); In re Luban, 2012 WL 694515, *2 (Bankr. S.D. Fla. March 1, 2012)(the debtors cannot use the Internal Revenue Manual to create a deduction that does not exist in the IRS standards or the Bankruptcy Code); In re Wilhite, 2011 WL 5902487 at *3 (same); In re Schultz, 463 B.R. 492, 498 (Bankr. W.D. Mo. 2011)(same); In re Hargis, 451 B.R. 174, 178 (Bankr. D. Utah 2011)(same); In re VanDyke, 450 B.R. 836, 843 (Bankr. C.D. Ill. 2011)(same). While some courts have allowed the $200.00 old car operating expense deduction, the Court respectfully disagrees with that conclusion and notes most of those cases were decided prior to the Supreme Court's Ransom guidance; furthermore, in some of the cases, the use of the $200.00 deduction was not objected to by a party in interest.[1] See eg. Babin v. Wilson (In re Wilson), 383 B.R. 729, 734 (B.A.P. 8th Cir. 2008)(pre-Ransom); In re Howell, 366 B.R. 153, 158 (Bankr. D. Kan. 2007)(pre-Ransom); In re Oliver, 350 B.R. 294, 301 (Bankr. W.D. Tex. 2006)(pre-Ransom and unopposed); In re Barraza, 346 B.R. 724, 729 (Bankr. N.D. Tex. 2006)(pre-Ransom and unopposed).

---

[1] There are some post-Ransom Ninth Circuit bankruptcy cases such as In re Emerson, 2011 WL 6945757 *5 (Bankr. D. Mont. Dec. 30, 2011) and In re Luedtke, 2013 WL 3013341, *9 (Bankr. D. Mont. 2011) that allow the $200.00 "old car" deduction; however, those opinions are called into doubt and overruled by In re Luedtke, 508 B.R. 408 (B.A.P. 9th Cir. 2014).

Contrary to Debtor's argument that disallowance of the old car expense thwarts Congress's purpose of limiting judicial discretion, disallowance of the deduction actually furthers the purpose of the means test. Sustaining the Trustee's objection would increase the amount available to pay unsecured creditors, which furthers the means test's purpose of requiring debtors to pay the maximum amount that they can afford to pay. See Ransom, 131 S.Ct. at 721 (The means test was created by Congress "to help ensure that debtors who can pay creditors do pay them.")(citing H.R.Rep. No. 109-31, pt. 1, p. 2 (2005)); In re Wilhite, 2011 WL 5902487 at *4 (stating that the policy behind the means test favors disallowing the additional deduction).

For these reasons and given the plain meaning of the language of §707, Debtor cannot utilize the IRM to create a deduction that does not exist in the National or Local Standards. Therefore, Line 27 of the means test must be reduced from $444.00 to $244.00, to omit the $200.00 old vehicle deduction.

**Ownership Cost**.

The second issue is whether Debtor may take an "ownership cost" deduction for a loan totally unrelated to the purchase of the vehicle. Debtor claims a $442.90 deduction on his means test as an "ownership cost" associated with a non-purchase money Wells Fargo

9

loan which is secured by the Vehicle. Debtor also deducts $74.10, which is allowed for servicing the actual debt on the car.[2] See Dckt. 38, line 47(c). The Trustee argues the "ownership costs" deduction is limited to costs associated with actually purchasing or leasing a vehicle, not just any debt secured by a car.[3] Conversely, Debtor argues the deduction applies to all loans secured by a vehicle.

The Supreme Court in Ransom addressed the IRS Local Standards ownership cost deduction in the means test. The Supreme Court held that this deduction is for "the costs of a car loan or lease, and nothing more," and that a debtor who owns a car free and clear of any car loan or lease cannot claim this category of expense. See Ransom, 131 S.Ct. at 724-26. "However, Ransom failed to define or provide any other guidance into the meaning of the term 'car loan.'" In re King, 497 B.R. 161, 163 (Bankr. N.D. Ga. 2013). The issue is whether a loan, secured by a vehicle, but unrelated to its acquisition, is encompassed in the ownership cost deduction on the means test.

The few cases that have addressed this specific issue have

---

[2] In regards to the Vehicle, Debtor also properly claims a deduction for cure payments of $7.97. Dckt. No. 38, Line 48.

[3] The Trustee does not oppose Debtor's deduction for his actual loan payments.

10

determined the ownership cost deduction is limited to car loans associated with financing the purchase or lease of a vehicle. See In re King, 497 B.R. at 164 ("[T]he Court believes that the National and Local Standards intended to limit the automobile ownership expense to that associated with the financing or acquisition of a vehicle."); See In re Alexander, 2012 WL 3156760, *3 (Bankr. W.D. Mo. 2012) ("[T]he Court concludes that the ownership expenses provided for in the Local Standards . . . refer to expenses related to the purchase or lease of a vehicle. And the fact that a loan is secured by a car, by itself, does not make the loan a vehicle ownership expense."); see also In re Carroll, Case No. 12-41350-JDP, slip op., 4 (Bankr. D. Idaho April 15, 2013) ("[T]he Court concludes that the intent of the deduction for vehicle ownership expenses is to accommodate the costs of acquiring a vehicle, and not expenses incurred by a debtor using the vehicle as collateral for some other sort of debt, such as a title loan.").

These cases based their opinion on language contained in the IRM interpreting the National and Local Standards. As the court in In re King explains there are three references to vehicle ownership expenses in the IRM:

> [First is] IRM §5.15.1.7(4)(B) ("The transportation standards consist of nationwide figures for *loan or lease* payments referred to as ownership costs.") (emphasis added). The

11

> other two provisions utilize more specificity in indicating that the ownership expense is associated with the financing of an automobile. See id. §5.15.1.9(1)(B) ("Transportation. This includes . . . vehicle payment (*lease or purchase*) . . . .") (emphasis added); see also id. §5.8.5.20.3(3) ("Ownership Expenses—Expenses are allowed for *purchase or lease* of a vehicle.") (emphasis added).

In re King, 497 B.R. at 164. Consistent with the U.S. Supreme Court Ransom guidance on the use of the IRM by courts, the King, Anderson and Carroll cases held the ownership cost not associated with the purchase or lease of a vehicle are not appropriate ownership deductions on line 28 of the means test. See Ransom, 131 S.Ct. at 726 (courts may consult the IRS's guidelines in interpreting the National and Local Standards). The Court agrees with this analysis.

Debtor argues under Aristotle's law of non-contradiction, the Court cannot refuse to look to the IRM for the old car deduction, but then look to the IRM to deny the ownership expense. However, the Court does not find the analysis in conflict. There is an important distinction between the two analyses. The IRM has been used to "interpret" a deduction already in the National and Local Standards, i.e. the Ownership Cost, not to "create" an Operating expense deduction for an old car that is not located in the National and Local Standards. As noted in Ransom, "courts may *consult* this material in *interpreting* the National and Local Standards." Ransom,

12

131 S.Ct. at 726 (emphasis added). The Supreme Court emphasized that the statute does not "incorporat[e]" or otherwise "impor[t]" the IRS's guidelines. Id. at 726, n. 7. Consistent with Ransom, Debtor is only allowed to take deductions for actual expenses associated with his loan payment, not an operating expense allowance. Dckt. No. 38, line 47. Under the Supreme Court case of Hamilton v. Lanning, 560 U.S. 505 (2010), Debtor will be able to take his actual expenses and if necessary show he actually incurs higher costs due to the age of the Vehicle. See Hamilton v. Lanning, 560 U.S. 505, 524 (2010)(holding a bankruptcy court may account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation).

This interpretation helps prevent abuse and ensure that debtors pay to creditors the maximum they can afford. See In re King, 497 B.R. at 165, n. 9 ("[T]he Court is concerned that if the ownership deduction was available to a debtor with any type of automobile lien, future debtors would only be encouraged to take out de minimis title liens prior to seeking relief under the Code."). The Court's analysis of using the IRM to interpret the National and Local Standards does not, as Debtor argues, thwart Congress's goal of limiting judicial discretion. To the contrary, the use of the guidelines by the courts to interpret and not create deductions

13

fosters uniformity.

For the foregoing reasons, the Trustee's objection to confirmation is ORDERED SUSTAINED and confirmation is ORDERED DENIED. Debtor has 21 days from the date of this order to amend his means test and file a modified plan or the case will be dismissed.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this  4th  day of June 2014.

14